IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HAROLD DWAYNE BURRESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-0938 |
| ) | |
| CITY OF FRANKLIN, TENNESSEE, ) | Judge Thomas A. Wiseman, Jr. |
| ) | JURY DEMAND |
| Defendant. ) | |

**ORDER**

In this action, Plaintiff Harold Dwayne Burress asserts claims under the Family Medical Leave Act ("FLMA"), 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e, *et seq.*, and under 42 U.S.C. § 1983 ("§ 1983") for violation of his equal-protection and due-process rights; the plaintiff also asserts state-law claims under the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103, the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §4-21-101, *et seq.*, and Tennessee common law. (ECF No. 25.) Now before the Court is defendant City of Franklin's Motion for Summary Judgment (ECF No. 33), in which the City asserts that it is entitled to judgment as a matter of law in its favor regarding Burress's claims against it. This motion has been fully briefed and is ripe for consideration.

For the reasons explained in the accompanying Memorandum Opinion, the defendant's motion is **GRANTED IN PART AND DENIED IN PART**, as follows: The Court finds that material issues of disputed fact preclude summary judgment on the plaintiff's ADA discrimination and retaliation claims, the TDA discrimination claim, and the post-termination retaliation claims. Summary judgment as to those claims is therefore **DENIED**. However, because Burress has either opted to concede or to rest on his pleadings without producing any probative evidence regarding his discrimination claims under the FMLA, THRA, Title VII, and § 1983, as well as his claim of retaliatory discharge for filing a working compensation and his due-process claim under § 1983, the Court finds that there are no genuine issues of material fact pertaining to any of these claims. The City's motion for summary judgment as to those claims is therefore

**GRANTED**, and those claims are **DISMISSED**.

It is so **ORDERED**.

This matter remains scheduled for trial to begin October 11, 2011.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge